UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

FEB 02 2026

Nathan Ochsner, Clerk of Court

January 27, 2026

In re:

Neiman Marcus Group LLC,

Debtor.


Case No. 26-90076 (Chapter 11)


ANDREI RUS,

Plaintiff,


V.


NEIMAN MARCUS GROUP LLC;

LITTLER MENDELSON, P.C.;

and DOES 1–25,

Defendants.



ADVERSARY COMPLAINT

*(Post-Petition Spoliation, Administrative Expense, and Sanctions)*



I. JURISDICTION AND VENUE

    1.    This adversary proceeding arises under 11 U.S.C. §§ 105, 362, 503, 542, and 1106 and the Court's inherent authority to protect estate property and the integrity of the bankruptcy process.

    2.    This is a core proceeding under 28 U.S.C. § 157(b)(2).

    3.    Venue is proper because Neiman Marcus Group LLC ("NMG") is a debtor in this Chapter 11 case.

## II. PARTIES

4.    Plaintiff Andrei Rus is an individual and a creditor of the Debtor.

5.    Defendant Neiman Marcus Group LLC is the Chapter 11 debtor.

6.    Defendant Littler Mendelson, P.C. ("Littler") is Debtor's litigation counsel responsible for litigation holds, discovery, and ESI preservation for NMG.

7.    Defendants Does 1–25 include HR, security, IT, and management custodians, including Dasha Dillard and Patricia Akui, to be substituted when identified.

## III. FACTUAL BACKGROUND

8.    Plaintiff has pending federal and administrative claims against NMG arising from termination, retaliation, and wage-related disputes.

9.    On January 15, 2026, Plaintiff served NMG and Littler with a Litigation Hold and Preservation Demand requiring immediate preservation of all electronically stored information ("ESI"), including:

- Email and Microsoft Teams
- HRIS (including Workday and Equifax/TALX)
- Payroll and commission records
- Loss-prevention and CCTV systems
- Security logs and incident reports
- Call recordings and access logs

10.    The notice required written confirmation within seven days.

11.    The deadline expired on January 22, 2026 with no confirmation.

12.    On January 23, 2026, Plaintiff notified Defendants of the lapse and the risk of spoliation.

13.    On January 26, 2026, Littler responded without confirming that any litigation holds had been issued or that any systems were preserved.

14.    At all relevant times, NMG was subject to the automatic stay, and its data, systems, and records constituted property of the bankruptcy estate.

15.    Defendants did not confirm that auto-deleting systems were halted or that custodians were instructed to preserve data.

16.    These systems overwrite or delete data unless affirmatively placed on hold.

17.    Evidence relevant to Plaintiff's claims has been lost or is at imminent risk of loss post-petition.

## IV. CLAIMS FOR RELIEF

Count I — Post-Petition Spoliation and Violation of Court Authority

*(Against All Defendants)*

18.    Defendants had actual notice of their preservation duties as of January 15, 2026.

19.    Their failure to implement and confirm litigation holds while under the protection of the bankruptcy court constitutes post-petition spoliation and violates the Court's authority.

20.    The Court may remedy this conduct under 11 U.S.C. § 105 and its inherent powers.

Count II — Administrative Expense (11 U.S.C. § 503(b))

*(Against NMG)*

21.    Post-petition destruction or risk of destruction caused new damages, including forensic remediation, evidentiary prejudice, and fees.

22.    These are administrative expenses entitled to priority under § 503(b).

Count III — Failure to Preserve and Turn Over Estate Property (11 U.S.C. §§ 542, 1106)

*(Against NMG and Littler)*

23.    Relevant ESI is estate property that must be preserved and produced.

24.    Littler, as professional custodian of litigation files and ESI, had an independent duty to ensure compliance.

## V. RELIEF REQUESTED

Plaintiff requests that the Court:

A. Enter an emergency preservation order freezing all NMG and Littler ESI;

B. Require neutral third-party forensic imaging of HR, security, Workday, TALX, email/Teams, and CCTV systems and custodians;

C. Order sworn declarations identifying what has been preserved or lost since January 15, 2026;

D. Award an administrative expense for post-petition spoliation damages;

E. Award fees and appropriate sanctions;

F. Grant other just relief.

Respectfully submitted,

Andrei Rus

Plaintiff, Pro Se

EMERGENCY MOTION FOR TRO, FORENSIC PRESERVATION, AND CUSTODIAN DECLARATIONS

I. Introduction

Defendants were placed on litigation-hold notice on January 15, 2026 and failed to confirm compliance by January 22, 2026. Auto-deleting systems remain at risk. Immediate relief is required to preserve estate property and evidence.

II. Factual Basis

1. Litigation-hold demand served January 15, 2026.
2. No confirmation by January 22, 2026.
3. January 26, 2026 response did not confirm any preservation.
4. Systems at risk include Exchange/Teams, Workday, TALX, LP/CCTV, and security and call-center logs.

III. Authority

11 U.S.C. §§ 105, 362, 503, 542, 1106; Fed. R. Civ. P. 65 (via Rule 7065); inherent powers.

IV. Relief

Order: (1) a TRO barring deletion or alteration of ESI; (2) neutral forensic imaging of the systems and custodians (including Dasha Dillard and Patricia Akui); (3) sworn declarations from NMG IT, HRIS, LP/Security, and Littler litigation support stating holds, preserved systems, and any losses since January 15, 2026; (4) Defendants to bear costs.

V. Emergency

Ongoing auto-deletion risks irreparable loss.

Respectfully submitted,
Andrei Rus

January 27, 2026

PROPOSED ORDER

1.    Defendants shall immediately preserve and freeze all ESI.

2.    A neutral forensic vendor shall image Exchange, Teams, Workday, TALX, LP/ CCTV, and identified custodian devices within 72 hours.

3.    Dasha Dillard, Patricia Akui, HR and LP/Security administrators, and Littler litigation staff shall preserve all devices and accounts.

4.    Sworn declarations shall be filed within 7 days.

5.    Defendants shall bear all costs.


SO ORDERED.

CERTIFICATE OF SERVICE

I served the Complaint, Emergency Motion, and Proposed Order on Neiman Marcus Group LLC,
Littler Mendelson, P.C., the U.S. Trustee, and the Debtor's noticing agent by electronic service and
U.S. Mail on January 27, 2026.

Andrei Rus



U.S. TRUSTEE COVER LETTER

Re: *In re Neiman Marcus Group LLC — Post-Petition Spoliation Allegations*

Dear United States Trustee:

I am a creditor of Neiman Marcus Group LLC. Enclosed please find an Adversary Complaint and Emergency Motion filed in the above-captioned Chapter 11 case alleging post-petition spoliation of estate property and litigation evidence after formal preservation notice on January 15, 2026, with no confirmation of compliance by January 22, 2026.

The filings request immediate forensic preservation and sworn declarations from NMG and its counsel, Littler Mendelson, P.C. Because the alleged conduct occurred post-petition and implicates estate property and professional compliance, I respectfully request that the U.S. Trustee review and monitor this matter.

Respectfully,
Andrei Rus

January 27, 2026